**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25346-CIV-ALTONAGA**

**MARLON AGUILAR**,

Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**, *et al.*,

Respondents.
_________________________________________/

## ORDER

**THIS CAUSE** came before the Court on Petitioner, Marlon Aguilar's Amended Petition for Writ of Habeas Corpus [ECF No. 4]. Petitioner challenges his immigration detention at the Krome North Service Processing Center in Miami, Florida. (*See generally id.*). Respondents filed a Response [ECF No. 9]; Petitioner did not file a reply. The Court has reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is denied.

***Background.*** Around January 1, 2005, Petitioner, a Honduran citizen and national, entered the United States without inspection. (*See* Resp. 2 (citations omitted); Am. Pet. ¶ 15). After entry, he started a family and operated a recycling business. (*See* Am. Pet. ¶ 16). On November 6, 2018, Petitioner encountered Border Patrol agents in Cudjoe Key, Florida. (*See* Resp. 2 (citation omitted); Am. Pet. ¶ 17).[1] Petitioner was arrested, transferred into immigration custody, and served with a Notice to Appear charging him as inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*See* Resp. 2 (citation omitted)).

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the header of all court filings.

On November 17, 2018, an immigration judge granted Petitioner release on bond. (*See id.* (citation omitted)). While on bond, Petitioner was found guilty of driving without a valid commercial driver's license. (*See id.* 3 (citation omitted)). Petitioner's sentence was suspended; his adjudication was withheld; and he was placed on probation. (*See id.* (citation omitted)).

On July 29, 2026, immigration authorities encountered Petitioner in Marathon, Florida. (*See id.* (citation omitted)). That day, he was arrested and detained. (*See id.* (citation omitted)). Petitioner was subsequently given a Notice of Custody Determination form. (*See id.*, Ex. K, Not. of Custody Determination [ECF No. 9-11] 1). Petitioner checked a box requesting an immigration judge's review of the custody determination but "[r]efused to [s]ign" the form. (*Id.* (alterations added)). Petitioner was then transferred to the Krome North Service Processing Center in Miami, Florida. (*See* Resp. 3 (citation omitted)). He has been detained at Krome since. (*See id.*).

On September 9, 2026, Petitioner filed the Amended Petition, asserting one claim for relief and seeking immediate release from detention. (*See generally* Am. Pet.). Petitioner contends Respondents violated the Due Process Clause of the Fifth Amendment when they detained him without first revoking his existing bond order. (*See id.* ¶ 36). Respondents maintain they revoked Petitioner's bond when they detained him, and that the revocation was proper under 8 U.S.C. section 1226(b). (*See* Resp. 3–4). Respondents also argue the Petition should be dismissed because Petitioner failed to exhaust administrative remedies before seeking habeas relief. (*See id.* 4–7).

***Legal Standard.*** District courts have the authority to grant petitions for writs of habeas corpus. See 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal

law. See 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

***Discussion.*** Respondents argue the Petition should be dismissed because Petitioner did not pursue administrative relief before filing the Petition. (*See* Resp. 4–7). The Court agrees.

Before starting a proceeding under 28 U.S.C. section 2241, a petitioner must exhaust available administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Although exhaustion is not jurisdictional, the "exhaustion requirement is still a requirement[.]" *Id.* (alteration added). So, while a court may "skip over the exhaustion issue if it is easier to deny . . . the petition on the merits[,]" it may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Id.* (alterations added; citation omitted). Because Respondents have properly asserted an exhaustion defense (*see* Resp. 4–7), the Court must address it, *see Santiago-Lugo*, 785 F.3d at 475 (citation omitted).

Administrative remedies are available to Petitioner. "While the INA and its implementing regulations require almost no procedures to revoke a noncitizen's bond and re-detain the noncitizen, *see* 8 U.S.C. § 1226(b), 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9), the regulations allow a noncitizen to appeal the revocation of bond and re-detention to an immigration judge, [*see*] 8 C.F.R. § 1003.19(a), and, if requested, to the [Board of Immigration Appeals] [("]BIA[")], [*see*] 8 C.F.R. § 1003.19(f)." *Garcia v. Jamison*, No. 26-2214, 2026 WL 1122608, at *6 (E.D. Pa. Apr. 24, 2026) (alterations added). Review by an IJ and, if necessary, the BIA, ensures the government's decision to re-detain a non-citizen is neither arbitrary nor capricious. *See id.* (discussing *In re Sugay*, 17 I. & N. Dec. 637, 639–40 (BIA 1981)).

Petitioner has not pursued these avenues for administrative review. While Petitioner checked a box requesting an immigration judge review his custody determination, he "[r]efused to

[s]ign" the Notice of Custody Determination form containing that request. (Not. of Custody Determination 1 (alterations added)). Respondents therefore contend — and Petitioner does not dispute — that Petitioner has not pursued administrative review of his re-detention before seeking habeas relief. (*See* Resp. 3 (citation omitted); *see generally* Am. Pet.); *cf. Lacruz Rondon v. Jamison*, No. 26-cv-07230, 2026 WL 2969105, at *2 (E.D. Pa. Oct. 2, 2026) (concluding petitioner who refused to sign the Notice of Custody Determination form did not request a bond hearing). As a result, the Petition is due to be dismissed without prejudice.[2]

Accordingly, it is

**ORDERED** that Petitioner, Marlon Aguilar's Amended Petition for Writ of Habeas Corpus **[ECF No. 4]** is **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 27th day of October, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] It is important to note the limited nature of this conclusion. Frankly, the Amended Petition is not a model of clarity. Petitioner appears to contend his re-detention violates due process because, as a factual matter, his bond was never revoked. (*See* Am. Pet. ¶ 26 ("Despite Petitioner's compliance with the prior bond order, DHS re-detained him without first seeking to revoke, terminate, or withdraw that bond order. Petitioner therefore contends that his continued detention is unlawful and violates the Due Process Clause of the Fifth Amendment."); *id.* ¶ 36 ("Respondents['] continued detention of Petitioner, after re-detaining him without first obtaining relief from the existing Immigration Judge bond order, constitutes an unlawful deprivation of liberty without due process of law. His bond continues . . . ." (alterations added))). Petitioner does not contend that due process compelled additional procedures before a revocation took place. (*See generally* Am. Pet.). The Court concludes only that Petitioner must exhaust the claim that, as a factual matter, the procedures the Government followed here did not revoke his bond.